It follows, therefore, that the motion must be granted and the appeal dismissed, with ten dollars costs.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, SCOTT and DOWLING, JJ.

Motion granted, with ten dollars costs.

---

ERNST SCHREIBER, Respondent, *v.* GEM STOPPER COMPANY, Appellant.

First Department, April 30, 1915.

*Attachment against property of foreign corporation — breach of contract for exclusive agency — prospective damages.*

In an action against a foreign corporation for the breach of a contract for an exclusive agency, in which it is alleged that the defendant agreed not to sell directly to any other persons within the territory named and to refer all orders or inquiries to the plaintiff, affidavits, alleging that the plaintiff made a certain monthly profit from sales to a milk company; that the defendant is now selling directly to the company in breach of its agreement, and that the loss of profits for the balance of the term of the agreement is estimated at the rate of the monthly profit made by the plaintiff while he was making sales to the milk company, correctly state the measure of prospective damages which the plaintiff is entitled to recover.

In such action against a foreign corporation the plaintiff is entitled to a remedy by attachment.

APPEAL by the defendant, Gem Stopper Company, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 11th day of February, 1915, as amended by an order entered in said clerk's office on the 16th day of March, 1915, denying a motion to vacate and set aside a warrant of attachment herein, upon the ground that the moving papers are insufficient, and also to vacate and set aside the levy made thereunder.

*Vincent P. Donihee [Edward S. Hatch* with him on the brief], for the appellant.

*William Montague Geer, Jr.,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of PAGE, J., at Special Term.

Present — INGRAHAM, P. J., CLARKE, SCOTT, DOWLING and HOTCHKISS, JJ.

The following is the opinion of the court below:

PAGE, J.:

The ground urged by the defendant, a foreign corporation, upon this motion to vacate an attachment against its property is that the moving affidavits do not disclose sufficient evidence from which the court could determine that the plaintiff is presumptively entitled to recover $50,000 from the defendant. The plaintiff's claim is for breach of an alleged contract whereby the defendant made him its sole agent in the city of New York for the selling of tin covers for milk bottles until October, 1918. The damage alleged is the value of the contract based upon future profits to accrue to the plaintiff, estimated and computed from the profits made by the plaintiff during seventeen months in which the contract was carried out. The plaintiff alleges in his affidavits that during the said seventeen months he sold to Borden's Condensed Milk Company, pursuant to his contract with the defendant, tin tops at a total price of $55,886.65, for which he paid to the defendant $36,425.16, and paid freight charges amounting to $1,676.58, leaving a profit from his exclusive agency during the said period of seventeen months of $17,784.91, or an average monthly profit of $1,046. The plaintiff further alleges upon information received from the

defendant's treasurer that Borden's Condensed Milk Company had been using milk bottle stoppers manufactured by the defendant for twenty years past, and, upon information and belief, that the said company is still using the defendant's stoppers, and that the defendant is selling them directly to the Borden's Condensed Milk Company in breach of their agreement. The loss of profits for the balance of the term of the agreement is estimated, at the rate of $1,046 per month, to be $50,208, which is stated to be the value of the agreement and measure of plaintiff's damages. I am of the opinion that the affidavits correctly state the measure of the plaintiff's damages and the evidence which, if substantiated by proof at the trial, will presumptively entitle the plaintiff to recover the sum alleged. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Dickinson* v. *Hart*, 142 id. 183; *Horton* v. *Hall & Clark Mfg. Co.*, 94 App. Div. 404; *Schlossberg* v. *Brody*, 160 id. 161, especially the opinion of LAUGHLIN, J. [at p. 170], dissenting upon another ground.) The cases cited by the defendant showing the measure of damages for breach of a contract for the sale of goods and the measure of damages for breach of a contract to manufacture goods or machinery do not apply to the present case, which involves a contract for an exclusive agency in which it is alleged that the defendant agreed not to sell directly to any other persons within the territory named and to refer all orders or inquiries from prospective customers to the plaintiff. While the damages in an action of this kind based upon prospective profits are necessarily somewhat speculative in their nature, I know of no decision which holds that the plaintiff is thereby precluded from availing himself of his remedy by attachment, provided he can show by affidavits facts from which it may be fairly presumed that he will suffer damages in a fixed sum. This, I think, the plaintiff has done. The motion to vacate the attachment is denied, with ten dollars costs.